**UNITED STATES of America, Appellee,**

v.

**Leroy Frank HOLMEN, aka Robert Ray Ramsey, Appellant.**

**No. 76–1179.**

United States Court of Appeals, Fourth Circuit.

Argued July 21, 1978.

Decided Nov. 13, 1978.

Patrick M. McSweeney, Richmond, Va., for appellant.

Susan S. Craven, Asst. U. S. Atty., Asheville, N. C. (Harold M. Edwards, U. S. Atty., Asheville, N. C., on brief), for appellee.

Before BUTZNER, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

After waiving a jury trial, the appellant was tried by the Court on a charge of transporting a motor vehicle between Memphis, Tennessee, and Asheville, North Carolina, knowing the same had been previously stolen and taken without the permission or consent of the true owner, the appellant's employer at the time the vehicle was stolen, and converted by the appellant to his own use, in violation of 18 U.S.C. § 2312. The Court found him guilty and sentenced him to five years' imprisonment.

Appellant contends on appeal that his conviction should be reversed for the following reasons: that (1) he was proceeding pro se and was deprived of effective access to the Court or of an adequate opportunity to prepare his defense; that (2) he was denied due process and equal protection of the laws as a result of being deprived of access to a law library; that (3) the Trial Court abused its discretion in denying appellant's request to withdraw his waiver of a jury trial; that (4) the United States Attorney was guilty of prejudicial misconduct; that (5) the Trial Court abused its discretion in disrupting appellant's cross-examination of a witness; and that (6) the Trial Court abused its discretion and deprived appellant of effective assistance of counsel at a critical stage in the proceedings when it denied appellant's request for appointment of counsel after the Trial Court returned its verdict.

The record shows that the appellant was well aware of his rights and asserted them quite forcefully. He made numerous pretrial motions, which were heard promptly by the Court and argued expertly by the appellant. One such motion was that he be allowed access to a law library. He was told by the Court that he was entitled to "whatever law books are available" and that he [the Judge] understood "they do have some law books there [in Asheville] in the jail."[1] In spite of his protestations concerning the use of a law library the record does not show that he ever availed himself of the use of any law books. Appellant's constitutional rights in this respect were not, therefore, violated.

Waiver of jury trial was made after interrogation by the Court to satisfy itself that appellant was voluntarily, knowingly and intelligently waiving jury trial. The record is devoid of any evidence that the waiver was coerced by anyone. The motion to withdraw waiver of jury trial was made on the eve of trial and after witnesses, who lived at distant places, had been subpoenaed and it would have been difficult, if not impossible, to have stopped them. Under the circumstances of this case, the District Court did not abuse its discretion in deny-

---

1. Appellant was held the greater part of his confinement in the Buncombe County Jail at Asheville, North Carolina.

ing appellant's motion to withdraw his waiver of jury trial.

We find no merit in the contention of the appellant that the United States Attorney was guilty of misconduct or that the Trial Court abused its discretion in disrupting appellant's cross-examination of a witness.

Accordingly the judgment of conviction of the appellant is affirmed.

■ After the Court had found appellant guilty the appellant moved to withdraw his waiver of .counsel and to have counsel appointed to assist him at this stage of the proceedings. The District Court denied the motion and, after receiving a pre-sentence report, sentenced the appellant. The Government concedes that it was error not to have appointed counsel for the appellant at the sentencing stage of the proceedings. Appellant's sentence is vacated and the case is remanded to the District Court so that appellant may be allowed to withdraw his waiver of counsel in order that he may be represented by counsel at his sentencing. *See United States v. Burkley* (4th Cir. 1975) 511 F.2d 47, 51.

Conviction affirmed; sentence vacated and remanded.