23332

Christopher RAY, Petitioner v. STATE of South Carolina, Respondent.
(401 S.E. (2d) 151)

Supreme Court

*Assistant Appellate Defender Robert M. Pachak,* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Marshall Prince,* Columbia, *for respondent.*

Submitted Dec. 14, 1990.

Decided Feb. 4, 1991.

TOAL, Justice:

This case involves whether the petitioner's guilty plea to armed robbery was intelligently and voluntarily made. We granted the petition for writ of *certiorari* after the petitioner's application for post-conviction relief was denied. We now reverse and remand for a new trial.

## FACTS

The petitioner Christopher Ray (Ray) was indicted for grand larceny, second degree burglary, and two counts of armed robbery. On September 30, 1987, Ray pled guilty under *North Carolina v. Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. (2d) 162 (1970) to burglary, third degree, and armed robbery. Judge Luke Brown accepted the pleas and sentenced Ray to five years imprisonment for third degree burglary and twenty years for armed robbery, with the sentences to run concurrently.

Ray sought post-conviction relief to set aside his guilty plea on the armed robbery charge, contending his defense counsel on that charge was ineffective since she erroneously advised him he would be subject to a sentence of life without parole under the Omnibus Crime Act[1] if he went to trial and was convicted of the two armed robbery charges. The State agrees the advice given was erroneous.

Ray stated the overriding factor in his pleading guilty to the single armed robbery charge was the spectre of the life without parole sentence. Ray further stated at his PCR hearing that he would not have pled guilty absent the erroneous advice. Ray's defense counsel admitted she was in error but cited her hurried reading of the applicable statutes in light of the solicitor's short-time offer to forego prosecuting

---

[1] In particular, S.C. Code Ann. § 17-25-45 and § 17-25-50 (Supp. 1990).

Ray on all charges in exchange for a guilty plea on one armed robbery count.[2]

## LAW/ANALYSIS

The test for determining the validity of a guilty plea is: (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases; and (2) whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. (2d) 203 (1985); *Hinson v. State*, 297 S.C. 456, 377 S.E. (2d) 338 (1989). It is undisputed that prong one is satisfied here. The State argues Ray has failed to demonstrate a satisfaction of prong two. We disagree.

The State contends that since Ray "faced a *possible* maximum penalty of seventy-five (75) years without parole if he elected to proceed to trial . . . [t]his in effect, constitutes a life sentence such as to render trial counsel's advice to appellant to be lacking in sufficient prejudice. . . ." (emphasis added). *See* State's brief, at 3. The key word in the State's argument, we believe, is "possible." Ray was told that if he was convicted of both armed robbery counts, he would be sentenced to life without parole. The reality of Ray's situation is, if convicted, he *may* face a sentence of seventy-five years without parole, but could face a sentence as short as ten years.[3] *See* S.C. Code Ann. § 16-11-330 (1985); § 24-21-640 (1989) (minimum sentence for armed robbery is ten years; no parole for second conviction of violent crime).

We hold this distinction is sufficient to satisfy prong two of the *Hill v. Lockhart* test. Ray's steadfast maintenance of his innocence; his uncontroverted testimony that he would not have pled guilty absent the erroneous advice of counsel; and the real distinction between the penalty Ray faces and the advice given him, convince us to REVERSE the lower court and REMAND for a new trial.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] We observe that, by overturning Ray's plea, the solicitor is now free again to prosecute Ray on all charges.

[3] If the sentences for his convictions were made to run concurrent.