503 S.E.2d 747

**The STATE, Respondent,**

v.

**James Earl REED, Appellant.**

**No. 24826.**

Supreme Court of South Carolina.

Heard Oct. 22, 1997.

Decided July 27, 1998.

Rehearing Denied Aug. 27, 1998.

Chief Attorney Daniel T. Stacey, and Deputy Chief Attorney Joseph L. Savitz, III, both of South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, Columbia; and Solicitor David P. Schwacke, North Charleston, for respondent.

FINNEY, Chief Justice:

Appellant James Earl Reed, was convicted of murdering his former girlfriend's parents. Appellant was sentenced to death. This appeal consolidates appellant's direct appeal with the mandatory review provisions of S.C.Code Ann. § 16–3–25 (1985). We affirm.

## FACTS

A public defender and a private attorney were appointed to represent appellant. A hearing was held to determine whether appellant was competent to stand trial. Judge Howard concluded after the hearing that appellant was competent to stand trial. Subsequently, appellant requested to represent himself. After a hearing, the trial judge found appellant's request for self-representation was freely and voluntarily made. The private attorney was relieved of representation and the public defender was appointed to serve as standby counsel. Appellant represented himself during the guilt phase and waived his right to testify. The jury found him guilty of both murders.

Before the penalty phase began, appellant sought to change his relationship with standby counsel such that appellant

would give the opening statement and counsel would continue. Appellant claimed he would be too emotional to cross-examine the victims' family. The trial judge refused to appoint counsel because it was too late in the proceeding and counsel would be unable to adequately prepare on short notice. The judge concluded that appellant was not entitled to either the appointment of counsel or to have standby counsel cross-examine the victim-impact witnesses. Standby counsel objected on the basis that appellant was not competent to represent himself at sentencing and asked to be appointed. The trial judge declined to appoint any counsel for appellant at sentencing since appellant had waived his right to counsel. At the conclusion of the penalty phase, the jury recommended and the judge sentenced appellant to death for both murders.

## ISSUES

I. Was it error to find appellant competent to stand trial and waive his right to counsel?

II. Was it error to allow appellant's statement into evidence?

III. Was it error to refuse to appoint counsel to represent appellant at sentencing?

IV. Was it error to fail to obtain a waiver of appellant's right to testify at the sentencing phase?

## DISCUSSION

I. Appellant argues that the trial court erred in finding him competent to stand trial and waive his right to counsel. We disagree.

The test for determining whether a criminal defendant is competent to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The defendant bears the burden of proving his incompetence by a preponderance of the evidence. *State v. Nance,* 320 S.C. 501, 466 S.E.2d 349, *cert. denied,* 518 U.S. 1026, 116 S.Ct. 2566, 135 L.Ed.2d 1083 (1996). The test

is not whether the defendant is actually cooperating with his lawyer, but rather if he has the mental capacity to do so. *State v. Bell,* 293 S.C. 391, 360 S.E.2d 706 (1987), *cert. denied,* 484 U.S. 1020, 108 S.Ct. 734, 98 L.Ed.2d 682 (1988). The trial court's determination of competency will be upheld if it has evidentiary support and is not against the preponderance of the evidence. *State v. Nance, supra.*

Dr. Behrmann examined appellant during his two month hospitalization at Hall Institute. Dr. Behrmann concluded that within a reasonable degree of medical certainty, appellant was competent to stand trial and had the ability to understand the nature of criminal proceedings. In Dr. Behrmann's opinion, appellant had the ability to understand the charges against him and to assist his counsel. Dr. Behrmann did not find appellant to be suffering from paranoia but concluded his failure to cooperate with appointed counsel was voluntary. Dr. Behrmann subsequently examined appellant for about forty-five minutes several months prior to trial. In Dr. Behrmann's opinion, appellant continued to be competent to stand trial. He concluded that appellant had a factual knowledge of the charges against him, the potential penalty he faced and his options in pleading. Dr. Behrmann did not find a mental illness or that appellant's decisions arose out of a delusional process. During appellant's hospitalization, staff observed that he was able to interact with staff and other patients normally and did not demonstrate a guarded, distrustful, suspicious kind of behavior normally expected from a person with a paranoid process.

The trial judge concluded that appellant had the factual understanding of the charges against him and a rational understanding of the proceedings and how the court works, and the roles of the various participants. The judge was convinced by the medical reports and testimony that appellant does not have a pervasive paranoia or paranoid behavior that affects his ability to interact and to cooperate. The judge found appellant had the present ability to rationally understand the proceedings and the ability to consult with his attorneys with a reasonable degree of rational understanding. His findings and conclusions were based on the forensic unit staffing report and the testimony of Dr. Behrmann and associates. The judge also found persuasive the staffing entries

which showed appellant's ability to cooperate. In view of the evidentiary support in the record, we uphold the trial court's determination of competency. *State v. Nance, supra.*

After the court found appellant competent to stand trial, appellant moved to waive representation by appointed counsel and sought to represent himself. The trial judge questioned appellant in camera about his knowledge of the proceedings and what it would mean to represent himself rather than have representation by two capital trial qualified attorneys. The trial judge warned appellant of the dangers and disadvantages of self-representation. Appellant stated that he understood what he was waiving but still chose to waive counsel.

 It is well-established that an accused may waive the right to counsel and proceed *pro se. Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Although a defendant's decision to proceed *pro se* may be to the defendant's own detriment, it "must be honored out of that respect for the individual which is the lifeblood of the law." *Id.* at 834, 95 S.Ct. 2525. The right to proceed *pro se* must be clearly asserted by the defendant prior to trial. *State v. Sims,* 304 S.C. 409, 405 S.E.2d 377 (1991), *cert. denied,* 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992). The trial judge has the responsibility to ensure that the accused is informed of the dangers and disadvantages of self-representation, and makes a knowing and intelligent waiver of the right to counsel. *Faretta, supra.* The ultimate test of whether a defendant has made a knowing and intelligent waiver of the right to counsel is the defendant's understanding. *Graves v. State,* 309 S.C. 307, 422 S.E.2d 125 (1992). The only relevant inquiry is whether the defendant has made a knowing and intelligent waiver of the right to counsel. *Faretta, supra.* There is no prohibition against a capital defendant knowingly and intelligently waiving the right to counsel. *State v. Brewer,* 328 S.C. 117, 492 S.E.2d 97 (1997). A decision can be made intelligently, with an understanding of the consequences, without the decision itself being a wise one. *Id.*

 The trial judge held several hearings to determine whether appellant understood what it meant to represent himself and to waive the appointment of experienced counsel. The judge informed appellant of the dangers and disadvan-

tages of self-representation. Appellant continued to assert that he understood what he was waiving and demonstrated to the judge that he was making a knowing, intelligent perhaps unwise, voluntary decision to represent himself. Accordingly, the trial court did not err in accepting appellant's waiver of his right to counsel.

II. Appellant contends the trial court erred in allowing his statement into evidence where his invocation of the right to remain silent was not honored. We disagree.

An exculpatory or inculpatory statement obtained as a result of custodial interrogation is inadmissible unless the person was advised of and voluntarily waived his rights under *Miranda v. Arizona.*[1] If a defendant was advised of his *Miranda* rights, but nevertheless chose to make a statement, the "burden is on the State to prove by a preponderance of the evidence that his rights were voluntarily waived." *State v. Kennedy,* 325 S.C. 295, 479 S.E.2d 838 (1996). Law Enforcement officers are not required to terminate an interrogation unless there is an unambiguous invocation of the right to remain silent. *Davis v. United States,* 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994).

The State asserts that appellant did not indicate a clear, consistent and unequivocal expression of a desire to remain silent and terminate questioning. Detectives Coaxum and Hale testified that they read appellant his Miranda rights and obtained appellant's signature on the advisement of rights form. Appellant initially failed to respond to questions. The detectives talked with appellant for about 20 to 30 minutes. Detective Coaxum continued talking to appellant after Detective Hale left the room. During that time appellant indicated involvement in the murders. Detective Hale returned to the room and appellant continued discussing facts concerning the murder and did not invoke his right to silence. Appellant agreed to cooperate with the officers in finding the murder weapon. After returning to the sheriffs office, a written statement was made by Detective Hale based on appellant's verbal statement. The statement was read to appellant and signed by him. The officers testified that appellant did not

---

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ask for an attorney. Detective Hale stated that the only time the subject of an attorney came up was when appellant made a "vague statement" to the effect that he wondered who would be his attorney.

The trial judge concluded the State had shown by a preponderance of the evidence that the statement was knowingly, intelligently, and voluntarily given after waiver of his rights and appellant was accorded all of the procedural safeguards required under *Miranda v. Arizona*. The trial judge's determination of the voluntariness will not be disturbed unless so manifestly erroneous as to show an abuse of discretion amounting to an error of law. *State v. Kennedy, supra*. The trial court did not err in denying the motion to suppress as the State met its burden of showing that appellant's statement was voluntarily and freely given.

III. Appellant asserts the trial court erred in refusing to appoint standby counsel to represent him at sentencing. We disagree.

At the conclusion of the guilt phase, appellant asked to have standby counsel takeover and cross-examine the state's witnesses after appellant made the opening argument. The trial judge interpreted the request as asking the court to appoint counsel to undertake representation of appellant. Standby counsel stated that while he would do his best to prepare to cross-examine witnesses, he was not prepared to represent appellant during the sentencing phase. Standby counsel stated he had not investigated the case in reference to victim impact evidence or mitigation.

The court concluded that it would be a hybrid form of representation placing standby counsel in the position of not being fully prepared to cross-examine witnesses without delaying the trial. The court found it would delay the proceeding because counsel would need time to prepare and the continued sequestration of the jurors would not be possible. The court declined to appoint counsel but allowed counsel to sit beside appellant as standby counsel and aid appellant to the extent he desired.

A trial judge is not required to permit hybrid representation, i.e. representation partially *pro se* and partially by counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct.

944, 79 L.Ed.2d 122 (1984); *State v. Sanders,* 269 S.C. 215, 237 S.E.2d 53 (1977). A criminal defendant may initially assert his right to self-representation for reasons that later prove unsound. *Menefield v. Borg,* 881 F.2d 696 (9th Cir.1989). While the right to counsel once waived is no longer absolute, there is a strong presumption that a defendant's post-trial request for the assistance of counsel should not be refused. *Id.* The court in *Menefield,* found that appellant was entitled to counsel after waiving his right prior to sentencing. The court noted however, there are times when the criminal justice system would be poorly served by allowing the defendant to reverse his waiver at the last minute particularly where delay would result. Further, the court noted the distinction between delay on the eve of trial and delay at the time of a post-trial hearing. *Menefield, supra.*

In *United States v. Holmen,* 586 F.2d 322 (4th Cir.1978) the court found it was error not to allow appellant to withdraw his waiver of counsel and have counsel appointed at the sentencing stage. However, in *Holmen,* the sentencing stage was a separate proceeding unlike the continued proceeding in the instant case involving a sequestered jury. The trial court here was faced with allowing standby counsel to step in and cross-examine the witnesses on less than twenty-four hours preparation. Judge Howard was concerned with appellant being entitled to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (the right to counsel includes the right to effective assistance of counsel). The trial judge did not err in denying appellant's request to have standby counsel represent him on the eve of sentencing.

IV. Appellant contends the trial court erred in failing to obtain a waiver of his right to testify at the sentencing phase. We disagree.

During the guilt phase, the trial judge informed appellant at length of his right to testify and obtained a waiver on the record of his intention not to testify during that phase. The judge did not obtain a specific waiver of the right to testify during the penalty phase. However, appellant indicated that he did not intend to testify during the sentencing phase. A capital defendant has the right to testify at the

sentencing phase. *State v. Ray*, 310 S.C. 431, 427 S.E.2d 171 (1993). The waiver of a constitutional or statutory right requires a showing on the record that the defendant made the waiver knowingly and intelligently. *Id.* at 435–37, 427 S.E.2d at 174. The references in the record demonstrate that appellant clearly waived his right to testify.

## CONCLUSION

Appellant's convictions and sentences are affirmed. We have conducted the proportionality review pursuant to S.C.Code Ann. § 16–3–25 (1985). The evidence indicates the sentences were not the result of passion, prejudice, or any other arbitrary factor, the evidence supports the finding of the aggravating circumstance; and the sentences are not disproportionate to that imposed in similar cases. *State v. Williams*, 321 S.C. 327, 468 S.E.2d 626 (1996).

**AFFIRMED.**

TOAL, MOORE, WALLER and BURNETT, JJ., concur.