**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4852

TIMOTHY ANTONIO JONES, a/k/a Tony
Smith,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-98-148)

Submitted: August 24, 1999

Decided: September 10, 1999

Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John G. Lafratta, COWAN, NORTH & LAFRATTA, L.L.P., Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Sara E. Flannery, Special Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Timothy Antonio Jones appeals from his convictions for being a felon in possession of a firearm and being a felon in possession of ammunition. He contends that the evidence was insufficient to prove that he possessed the items in question and that the trial court improperly refused to allow him to withdraw his jury waiver. We affirm.

I.

Domenic Dandridge, who owned the gun and ammunition at issue in this case, testified at trial that he had them with him one day while he was driving around with Jones and two other friends. At some point during that day, they parked the car and Jones exited. A little while later, Dandridge left the car, leaving the gun and ammunition behind. His other two friends followed shortly thereafter. The three of them remained in sight of the car and observed that nobody entered the car except Jones, who sat in it for a moment before departing, and one of Dandridge's other friends, who entered after Jones and discovered that the gun was missing.

Several hours later, two police officers observed Jones sitting alone in a Jeep in the parking lot of a Richmond motel. One officer, Timothy D. Wyatt, said that Jones left the Jeep as soon as Wyatt arrived at the motel. Wyatt confronted Jones, and Jones denied ever being in the Jeep; he also gave an explanation for his presence that, upon investigation, turned out to be false. Meanwhile, the other officer, Peter A. Capelli, observed Dandridge's handgun and ammunition in the Jeep that Jones had exited. Jones was arrested at the scene.

Before trial, Jones waived his right to a jury, both orally and in writing. One week before his initial trial date, however, he asked the

2

court to allow him to rescind his waiver. The court denied this motion.

At the ensuing bench trial, Jones was convicted on both counts. The court sentenced him to concurrent terms of 51 months' imprisonment.

II.

A.

Jones's first claim on appeal is that the government failed to present sufficient evidence that he possessed the guns found in the Jeep. In reviewing a sufficiency claim on appeal, this Court must sustain the verdict if the record contains "substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). As we examine the evidence, we give due regard to the fact finder's prerogative to resolve questions of credibility. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

In this case, the evidence was ample. First, it may be inferred with near certainty that Jones took the gun from the car where Dandridge left it, as Jones was the only person to enter the car after Dandridge's friends left and before one of them reported the gun was missing; thus, he possessed the gun at that point. Second, it seems equally certain that Jones possessed the weapon later, when the police first encountered him. This conclusion rests on the gun's position when it was found (near the driver's seat), as well as Jones's efforts to conceal his connection to the Jeep and his reason for being on the premises. See United States v. Armstrong, No. 98-4905, ___ F.3d ___, 1999 WL 498713, at *4 (4th Cir. July 15, 1999) (finding sufficient evidence of possession where the defendant was alone in his car when contraband was found in places easily accessible to the driver). In combination, these inferences firmly establish that Jones must have possessed the weapon and ammunition from the time he left Dandridge's car until he was arrested, as he was the only person in proximity to them at both of these moments.

B.

Jones's second claim is that the trial court erred in refusing to allow him to rescind his jury waiver. We review the lower court's decision for abuse of discretion. See United States v. Holmen, 586 F.2d 322, 323-24 (4th Cir. 1978).

It is clear from the record that Jones's waiver of jury rights was knowing and voluntary. When he sought to withdraw this waiver more than seven weeks later, only a week remained before his scheduled trial date. The court denied this motion without explanation. Although it would have facilitated our review if the trial court had set forth its reasons, we will not reverse Jones's conviction based on the failure to do so. Rather, we infer that the court balanced the valid waiver against a possibly obstructionist request to withdraw that waiver and properly exercised its discretion to deny the motion.

Accordingly, we find no basis in Jones's claims to overturn the judgment against him. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4