**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

KWAME DEMETT BINTA, a/k/a Karl D.
Bolling, Jr.,
                    *Defendant-Appellant.*

No. 01-4088

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-00-144-R)

Submitted: July 31, 2001

Decided: August 15, 2001

Before WIDENER, LUTTIG, and GREGORY, Circuit Judges.

---

Affirmed in part and vacated in part by unpublished per curiam opinion.

---

**COUNSEL**

C. David Whaley, Anthony G. Spencer, MORCHOWER, LUXTON
& WHALEY, Richmond, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Stephen W. Miller, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kwame Binta was convicted of possession of marijuana, 21 U.S.C.A. § 844 (West 1999), possession with intent to distribute marijuana, 21 U.S.C.A. § 841 (West 1999), possession of a firearm and ammunition by an unlawful user of a controlled substance, 18 U.S.C. § 922(g)(3) (1994), and possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924 (1994). He received a sentence of eighty-one months imprisonment. We affirm in part and vacate in part.

Initially, Binta contends that he cannot be convicted of both possession with intent to distribute and simple possession as simple possession is a lesser included offense of possession with intent to distribute. The Government concedes error and we agree. Accordingly, we vacate Binta's convictions on two counts of possession of marijuana pursuant to 21 U.S.C.A. § 844 and the related twelve month sentences. Because the sentences for these counts were to be served concurrently with the sentences for possession with intent to distribute pursuant to 21 U.S.C.A. § 841, Binta's total sentence of eighty-one months is unchanged.

Binta next contends that his constitutional right to a trial by jury was violated when his motion to rescind his waiver of jury trial was denied. The motion to withdraw a waiver of trial by jury is committed to the discretion of the district judge. *Wyatt v. United States*, 591 F.2d 260 (4th Cir. 1979). A court's decision to deny a defendant's motion to rescind his waiver of a jury trial is reviewed by this Court for abuse of discretion. *United States v. Holmen*, 586 F.2d 322, 323-24 (4th Cir. 1978). The court's denial of Binta's motion was not based on the inconvenience rescheduling would cause the court and the Government but rather on the court's perception that Binta was playing games with the court, based on the fact that Binta had thrice waived

his right to a jury trial prior to moving to withdraw it. We find that the district court did not abuse its discretion by denying Binta's motion made fifteen days before trial to rescind his oft repeated waiver of trial by jury.

Binta's contention that the evidence was insufficient to convict him of possession with intent to distribute the marijuana found in his vehicle on March 24th or even simple possession of the marijuana recovered on May 4th from his van is reviewed in the light most favorable to the government. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Our review of the evidence presented at trial demonstrates the Government presented evidence sufficient to prove possession with intent to distribute on both occasions.

Binta, upon his arrest on March 24, averred that the marijuana was his and that he used marijuana for religious purposes. On appeal, Binta claims the First Amendment protects him from prosecution for possession of marijuana for religious purposes. We find this argument unavailing. *Employment Div., Dep't of Human Resources of Oregon v. Smith*, 494 U.S. 872, 878-79 (1990).

Binta next challenges the constitutionality of 21 U.S.C. § 841 after the ruling of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We, along with a number of our fellow circuits, find this argument unpersuasive. *United States v. Cernobyl*, ___ F.3d ___, 2001 WL 733406 at *2-3 (10th Cir. June 29, 2001); *United States v. Martinez*, 253 F.3d 251, 256 n.6 (6th Cir. 2001); *United States v. Fort*, 248 F.3d 475, 482-83 (5th Cir. 2001); *United States v. Brough*, 243 F.3d 1078, 1080 (7th Cir. 2001).

Finally, Binta asserts that the district court erred in enhancing his sentence for obstruction of justice pursuant to U.S. Sentencing Guidelines § 3C1.1. We review an application of the sentencing guidelines by the district court for clear error in factual matters; legal conclusions are reviewed de novo. *United States v. Wilson*, 198 F.3d 467, 471 (4th Cir. 1999). The district court in its sentencing memorandum found the three prongs of this court's test for perjury satisfied. *United States v. Smith*, 62 F.3d 641, 646-67 (4th Cir. 1995). We do not find clear error in those factual findings.

Based on the aforementioned findings, we affirm Binta's convictions and sentence pursuant to the two counts of possession with intent to distribute marijuana, the two counts of possession of a firearm/ammunition by an unlawful user of a controlled substance and one count of possession of a firearm during/in relation to/in furtherance of/a drug trafficking crime. We vacate Binta's conviction and sentence for two counts of possession of marijuana.

*AFFIRMED IN PART, VACATED IN PART*