**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Emory Warren Roberts, Appellant.

Appellate Case No. 2017-001676

_____

Appeal From Berkeley County
Deadra L. Jefferson, Circuit Court Judge,

_____

Unpublished Opinion No. 2020-UP-017
Submitted January 1, 2020 – Filed January 29, 2020

_____

**AFFIRMED**

_____

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia, for Respondent.

_____

**PER CURIAM:** Emory Warren Roberts appeals the trial court's denial of his motion to proceed pro se. On appeal, Roberts argues the trial court violated his Sixth and Fourteenth Amendment rights when it denied his request to proceed pro se. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

*State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 490 (2018) ("Whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel is a mixed question of law and fact which appellate courts review de novo."); *id.* (holding the appellate court reviews the trial court's findings of historical fact for clear error, but review of the denial of a motion to proceed pro se based on those findings of fact are reviewed de novo); *City of Columbia v. Assa'ad-Faltas*, 420 S.C. 28, 45, 800 S.E.2d 782, 790 (2017) ("A defendant has a constitutional right to self-representation under the Sixth and Fourteenth Amendments." (quoting *State v. Samuel*, 414 S.C. 206, 211, 777 S.E.2d 398, 401 (Ct. App. 2015), *rev'd* 422 S.C. 596, 813, S.E.2d 487 (2018))); *United States v. Frazier-El*, 204 F.3d 553, 599 (4th. Cir. 2000) ("[R]ight to self-representation is not absolute, and 'the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.'" (quoting *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 153 (2000))); *Assa'ad-Faltas*, 420 S.C. at 45, 800 S.E.2d at 791 (holding the trial court may refuse to allow a criminal defendant to proceed pro se when "he is 'not able and willing to abide by rules of procedure and courtroom protocol'" (quoting *Samuel*, 414 S.C. at 212, 777 S.E.2d at 401)); *id.* at 45, 800 S.E.2d at 790 ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.'" (quoting *Faretta v. California*, 422 U.S. 806, 834 (1975))); *id.* at 45, 800 S.E.2d at 791 (requiring that an effective waiver to the right to counsel be "(1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely" (quoting *Frazier-El*, 204 F.3d at 558)); *Faretta*, 422 U.S. at 835 ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942))); *State v. Reed*, 332 S.C. 35, 41, 503 S.E.2d 747, 750 (1998) ("The trial [court] has the responsibility to ensure that the accused is informed of the dangers and disadvantages of self-representation, and makes a knowing and intelligent waiver of the right to counsel."); *id.* ("The ultimate test of whether a defendant has made a knowing and intelligent waiver of the right to counsel is the defendant's understanding.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, GEATHERS, and HEWITT, JJ., concur.**