**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeffery Keyon Timothy Griffin, Appellant.

Appellate Case No. 2022-001311

-----

Appeal From Greenville County
G. D. Morgan, Jr., Circuit Court Judge

-----

Unpublished Opinion No. 2026-UP-034
Submitted January 2, 2026 – Filed February 4, 2026

-----

**AFFIRMED**

-----

Appellate Defender Sarah Elizabeth Shipe, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Mark Reynolds
Farthing, both of Columbia; and Solicitor Cynthia Smith
Crick, of Greenville, all for Respondent.

-----

**PER CURIAM:**  Jeffery Keyon Timothy Griffin appeals his convictions for armed robbery, possession of a weapon during the commission of a violent crime, pointing and presenting a firearm, and resisting arrest; and aggregate sentence of

twenty years' imprisonment. On appeal, Griffin argues the trial court erred when it (1) denied his right to self-representation six weeks prior to his trial and (2) failed to direct a verdict of acquittal for the resisting arrest charge. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not err because although Griffin moved to relieve trial counsel, he did not clearly and unequivocally assert his right to self-representation. *See State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) ("In criminal cases, this [c]ourt will review errors of law only. This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous." (internal citation omitted)); *State v. Barnes*, 407 S.C. 27, 35, 753 S.E.2d 545, 550 (2014) ("A South Carolina criminal defendant has the constitutional right to represent himself under both the federal and state constitutions."); *State v. Reed*, 332 S.C. 35, 41, 503 S.E.2d 747, 750 (1998) ("It is well-established that an accused may waive the right to counsel and proceed pro se."); *State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 491 (2018) ("In order to effectively invoke this right of self-representation, the defendant must clearly and unequivocally assert his desire to proceed *pro se* and such request must be made knowingly, intelligently and voluntarily."); *State v. Fuller*, 337 S.C. 236, 241, 523 S.E.2d 168, 170 (1999) ("A defendant's right to waive the assistance of counsel is not unlimited. The request to proceed *pro se* must be clearly asserted by the defendant prior to trial."); *City of Columbia v. Assa'ad-Faltas*, 420 S.C. 28, 45-46, 800 S.E.2d 782, 791 (2017) ("The particular requirement that a request for self-representation be clear and unequivocal is necessary to protect against an inadvertent waiver of the right to counsel by a defendant's occasional musings on the benefits of self-representation." (quoting *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000))); *id.* at 46, 800 S.E.2d at 791 (finding the defendant did not unequivocally raise her right to self-representation when she "raised a passing complaint about [trial counsel] during a lengthy diatribe at a scheduling hearing six weeks prior to trial" and did not mention the issue "again during subsequent pretrial hearings or during trial itself").

2. We hold Griffin's argument that the trial court erred when it failed to direct a verdict of acquittal for the resisting arrest charge is not preserved for appellate review because he failed to argue the motion with the sufficient specificity required—he did not state any specific grounds for the motion, nor did he make any charge-specific arguments. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("[F]or an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("[T]he objection must be made at the

time the evidence is presented and with sufficient specificity to inform the circuit court judge of the point being urged by the objector." (internal citations omitted)); *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *In Re McCracken*, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) (finding that because the defendant "made only a general directed verdict motion, stating, 'I think [the State] has failed to meet [its] burden of proof beyond a reasonable doubt,'" the motion "preserved nothing for appellate review").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.