The STATE of South Carolina, Respondent v.
Michael Rian TORRENCE, Appellant.

(451 S.E. (2d) 883)

Supreme Court

Nov. 3, 1994

## ORDER

Appellant, Michael Rian Torrence, was convicted of murder and sentenced to death. This Court affirmed his convictions, but reversed his sentence of death and remanded for a new sentencing proceeding. *State v. Torrence*, 305 S.C. 45, 406 S.E. (2d) 315 (1991). Torrence was resentenced to death, and counsel filed this appeal on his behalf. In response to the filing of this appeal, Torrence advises this Court that he does not wish to appeal his sentence and asks his appeal be dismissed. After considering the briefs and oral arguments, the matter is remanded for a determination of Torrence's present competence to waive appeal.

A capital defendant may, constitutionally, waive the right of general appeal.[1] *Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed. (2d) 135 (1990); *Gilmore v. Utah*, 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed. (2d) 632, *reh'g denied*, 429 U.S. 1030, 97 S.Ct. 655, 50 L.Ed. (2d) 636 (1976); *see also State v. Dodd*, 120 Wash. (2d) 1, 838 P. (2d) 86 (1992). However, such a waiver may not be found unless the Court first determines the defendant is competent and his decision is knowing and voluntary. *Id. See also Cole v. State*, 101 Nev. 585, 707 P. (2d) 545 (1985); *Judy v. State*, 275 Ind. 145, 416 N.E. (2d) 95 (1981).

At oral argument, this Court, realizing that we are not a fact finding court, nevertheless conducted an inquiry to ascertain the knowing/voluntary nature of Torrence's request to withdraw his appeal. A full record of those proceedings is preserved.

Counsel for Torrence asserts that Torrence is not presently competent to waive his appeal, and the record before us con-

---

[1] This Court recognizes that S.C. Code Ann. § 16-3-25 (1985) provides for mandatory review of Torrence's sentence of death, as well as any errors by way of general appeal. *State v. Shaw*, 273 S.C. 194, 255 S.E. (2d) 799, *cert. denied* 444 U.S. 957, 100 S.Ct. 437, 62 L.Ed. (2d) 329 (1979). In light of our remand, we do not presently address the scope of such a review.

tains no evidence as to Torrence's present state of competency. Accordingly, as we are unable to adequately review the matter, we remand to the circuit court for a competency hearing.

Upon remand, the circuit court shall conduct a full hearing allowing the introduction of testimony, exhibits, and evidence, to provide a full record for this Court's evaluation. Additionally, we instruct the trial court that the standard to be applied in determining Torrence's competency to waive his appeal is that enunciated in *Singleton v. State*, — S.C. —, 437 S.E. (2d) 53 (1993). *Singleton* sets forth the standard of competency required to execute a capital defendant, to wit: whether the defendant can understand the nature of the proceedings, what he or she was tried for, the reason for the punishment, and whether the convicted defendant possesses sufficient capacity or ability to rationally communicate with counsel.[2] Accordingly, Torrence may not be determined competent unless the hearing reveals that he meets this standard.

Finally, although we have conducted an in-depth inquiry to ascertain whether Torrence is knowingly waiving his rights, we instruct the trial court to conduct another such colloquy to ensure that Torrence persists in his desire to abandon this appeal.

The matter is remanded to circuit court. The issues raised by counsel on Torrence's behalf shall be held in abeyance pending a determination of competency.

Remanded.

/s/ A. Lee Chandler C.J.

/s/ Henry F. Floyd A.A.J.

/s/ Jean H. Toal A.J.

/s/ James E. Moore A.J.

/s/ John H. Waller A.J.

---

[2] The test is not, however, whether the defendant in fact cooperates with counsel, but whether he has sufficient mental capacity to do so. *State v. Bell*, 293 S.C. 391, 360 S.E. (2d) 706 (1987). Although a capital defendant's waiver of appeal has been upheld upon a showing that he/she has the capacity to understand the choice between life and death and to knowingly and intelligently waive any and all rights to appeal his/her sentence, *Grasso v. State*, 857 P. (2d) 802 (Okl. Crim. App. 1993); *Franz v. State*, 296 Ark. 181, 754 S.W. (2d) 839 (1988), we find the more stringent standard of *Singleton* appropriate.