In re STAYS OF EXECUTION IN CAPITAL CASES.

(471 S.E. (2d) 140)

Supreme Court

April 8, 1996.

## ORDER

Over the last several months, this Court has had several requests to either set or stay an execution in a capital case. We have decided that it is appropriate to issue an order setting forth the procedure and standards to be followed regarding stays of the death sentence.

During the direct appeal to this Court, the sentence of death is automatically stayed. S.C. Code Ann. §18-1-70 (1985); Rule 230(a), SCACR. If the sentence of death is upheld by this Court, the Clerk of this Court shall automatically issue the ex-

ecution notice when the remittitur is sent to the circuit court. S.C. Code Ann. § 17-25-370 (1985).[1]

After the execution notice is issued following the conclusion of the direct appeal, a capital defendant (defendant) wishing to have the execution stayed pending a petition for a writ of certiorari to the United States Supreme Court shall make, within ten (10) days of the date of the execution notice, an appropriate motion for this Court to stay the execution under United States Supreme Court Rule 23.3. The motion must set forth the federal question(s) the defendant intends to raise in the petition for a writ of certiorari. As long as one of the federal questions asserted has been adequately preserved under state law so that it can be reviewed by the United States Supreme Court, this Court will, as it must under *Cole v. Texas*, 499 U.S. 1301, 111 S.Ct. 1407, 113 L.Ed. (2d) 206 (1991) (J. Scalia, Circuit Justice), and *McDonald v. Missouri*, 464 U.S. 1306, 104 S.Ct. 567, 78 L.Ed. (2d) 538 (1984) (J. Blackmun, Circuit Justice), grant a stay of execution for ninety (90) days[2] from the date the remittitur was sent for the defendant to file a petition for a writ of certiorari. If the time to petition is extended by the United States Supreme Court under United States Supreme Court Rule 13.5, the stay shall be extended for that same period. The defendant shall promptly notify the Clerk of this Court that an extension has been granted.

If a stay is granted and the defendant fails to timely file the petition for a writ of certiorari, the Clerk of this Court shall issue an execution notice. If the petition is timely filed, the stay will continue until the matter is fully concluded before the United States Supreme Court, to include any petition for rehearing following the denial or dismissal of the petition or the issuance of an opinion. If the action of the United States Supreme Court does not invalidate the sentence of death, the Clerk of this Court shall issue an execution notice.

If this Court overturned the sentence of death on direct appeal and, on petition for a writ of certiorari by the State, the United States Supreme Court reinstates the sentence of death, the Clerk of this Court shall issue an execution notice.

---

[1] Whenever an execution notice is issued, the execution is to take place on the fourth Friday following receipt of the notice by the appropriate prison officials. S.C. Code Ann. § 17-25-370 (1985).

[2] United States Supreme Court Rule 13.1 establishes a ninety (90) day period to petition for a writ of certiorari in both criminal and civil matters.

If the defendant desires a stay to pursue state postconviction relief, the defendant must, within ten (10) days of the date of the issuance of the execution notice, file a motion to stay with this Court, setting forth the issues intended to be raised in the application for postconviction relief, this Court will assign a circuit judge to the case and issue a stay of execution. Within thirty (30) days of the date of the stay order, the judge shall determine the defendant's desires regarding counsel and issue an order which either sets forth the name of the counsel that the defendant has retained, appoints counsel for the defendant if he or she is indigent, or determines that the defendant will be allowed to proceed *pro se* based on a knowing and intelligent waiver of the right to counsel after being warned of the dangers and disadvantages of proceeding *pro se*. The stay will remain in effect until the judge issues a final order or judgment in the postconviction relief action if:

(1) The defendant timely files an application for postconviction relief within sixty (60) days of the date of the order regarding counsel; and

(2) The defendant files with the Clerk of this Court a letter setting forth the status of the postconviction relief matter every sixty (60) days. A copy of this letter shall be served on opposing counsel. If the Court determines that this letter fails to show that the defendant is diligently pursuing the postconviction relief action, the Court may issue an order dissolving the stay or setting forth additional requirements the defendant must meet to maintain the stay.

If the final judgement or order by the postconviction relief judge does not invalidate the death sentence, the stay will remain in effect until the defendant's time for serving a notice of appeal under Rule 227, SCACR, has expired. If the notice of appeal is timely served, the stay will, unless otherwise ordered by this Court, remain in effect if the transcript is ordered in a timely fashion and the petition and appendix are timely served and filed. If a notice of appeal is not timely served, the Clerk of this Court shall issue an execution notice. If the notice of appeal is timely served and the matter is dismissed, the petition for a writ of certiorari is denied, or an order or opinion is issued by this Court which does not invali-

date the sentence of death, the Clerk of this Court shall issue an execution notice when the remittitur is sent to the circuit court.

If the circuit court issues an order which invalidates the sentence of death on postconviction relief and this Court on a petition for a writ of certiorari issues a decision which has the effect of reinstating the sentence of death, the Clerk of this Court shall issue an execution notice when the remittitur is sent to the circuit court.

If the defendant desires a stay while seeking a writ of certiorari from the United States Supreme Court to review this Court's action regarding the state postconviction relief matter, the defendant shall, within ten (10) days of the date of the execution notice, make an appropriate motion for this Court to stay the execution under United States Supreme Court Rule 23.3. To be granted a stay, the defendant must demonstrate to this Court that there is "a reasonable probability that four Members of the [United States Supreme] Court will consider the issue sufficiently meritorious to grant certiorari or to note probable jurisdiction." *Graves v. Barnes*, 405 U.S. 1201,1203, 92 S.Ct. 752, 753-754, 30 L.E. (2d) 769, 772 (1972) (J. Powell, Circuit Justice); *see also Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed. (2d) 1090 (1983) (standard to be applied pending appellate review in federal habeas corpus proceedings).

If the stay is granted, the defendant must file the petition for a writ of certiorari within ninety (90) days of the date of the issuance of the remittitur unless the time to petition is extended by the United States Supreme Court. The defendant shall promptly notify this Court if an extension is granted.

If the petition is not timely filed, the Clerk of this Court shall issue an execution notice. If the petition is timely filed, the stay will remain in effect until the matter is concluded before the United States Supreme Court, to include any petition for rehearing following the denial or dismissal of the petition or the issuance of an opinion. If the action of the United States Supreme Court does not invalidate the sentence of death, the Clerk of this Court shall issue an execution notice.

If this Court overturned the sentence of death on a writ of certiorari under Rule 227 and, on petition for a writ of certiorari by the State, the action of the United States Supreme

Court has the effect of reinstating the sentence of death, the Clerk of this Court shall issue an execution notice.

A request for a stay of execution at any later time, to include a request for a stay pending the filing of a successive action for postconviction relief or habeas corpus in the circuit court or in the original jurisdiction of this Court, shall be made by motion to this Court no later than fifteen (15) days prior to the date of the scheduled execution. The motion must demonstrate that there are exceptional circumstances warranting the issuance of the stay.

Any request for a stay pending federal habeas corpus proceedings should be made to the federal court. In the event a federal court grants a stay of execution, the Clerk of this Court shall issue an execution notice once the stay expires or is dissolved by the federal court.

IT IS SO ORDERED.

/s/ Ernest A. Finney, Jr., C.J.
/s/ Jean H. Toal, J.
/s/ James E. Moore, J.
/s/ John H. Waller, Jr., J.
/s/ E.C. Burnett, III, J.