24464

The STATE, Respondent v. Michael Rian TORRENCE, Appellant.

(473 S.E. (2d) 703)

Supreme Court

*Chief Deputy Attorney Joseph L. Savitz, III, of South Carolina Office of Appellate Defense, Columbia, for Appellant.*

*Attorney General Charles Molony Condon, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr., Assistant Attorney General William Edgar Salter, III, Columbia; and Solicitor Donald V. Myers, Lexington, for Respondent.*

*John D. Elliott, Columbia, amicus curiae.*

Heard Sept. 20, 1994.

Decided July 15, 1996; Reh. Den. Aug. 13, 1996.

WALLER, Justice:

Appellant, Michael Rian Torrence, was convicted of armed robbery, burglary, and two counts of murder. He was sentenced to death for one of the counts of murder. This Court affirmed his convictions but reversed the sentence of death and remanded for a new sentencing proceeding. *State v. Torrence*, 305 S.C. 45, 406 S.E. (2d) 315 (1991) (*Torrence I*). Torrence was resentenced to death, and an appeal was filed by counsel on Torrence's behalf. In response, Torrence advised this Court he did not wish to appeal his sentence and requested his appeal be dismissed.

On September 20, 1994, we conducted a hearing to ascertain the voluntariness of Torrence's desire to waive his appeal, and to assess his competency to do so. Torrence personally addressed the Court and advised his decision was based on the practical consideration that, even assuming a reversible error on appeal, he would face a resentencing trial at which he would, at best, receive a life sentence. He repeatedly stressed that, as between spending the remainder of his life in prison,[1] or being sentenced to death, he would choose death. Throughout the hearing, Torrence presented a very rational, coherent, and competent individual. He exhibited no symptoms which called into question his ability to make a knowing, voluntary waiver of his right of appellate review. Notwithstanding the adequacy of Torrence's responses, and out of an abundance of caution, we remanded to the circuit court for a competency hearing and development of a full record. *See State v. Torrence*, 317 S.C. 45, 451 S.E. (2d) 883 (1994) (*Torrence II*).

A hearing was held and the circuit court issued an order on February 26, 1996 finding both that Torrence was competent and that his decision to waive his appeal was knowing, intelligent, and voluntary. The *amicus curiae* appointed by the circuit court appeals this order. In response, Torrence moves to dismiss the appeal.

Our purpose in remanding for a competency hearing was to ensure development of a full record and the availability of adequate information, upon which this

---

[1] At the time of the hearing, Torrence was thirty-three-years old.

Court could ascertain Torrence's competency to waive his right of appellate review. As our remand was simply for fact-finding purposes to benefit this Court, we find that no appeal lies from the order.[2] Accordingly, the appeal of the competency order is hereby dismissed.

We must next determine whether Torrence may waive ■ the direct appeal filed by his attorneys. In *Torrence II,* we noted that a capital defendant may, constitutionally, waive the right of general appeal so long as we first determine the defendant is competent and his decision is knowing and voluntary. 317 S.C. at 45, 451 S.E. (2d) at 883. *See also Whitmore v. Arkansas,* 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed. (2d) 135 (1990); *Gilmore v. Utah,* 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed. (2d) 632, *reh'g denied,* 429 U.S. 1030, 97 S.Ct. 655, 50 L.Ed. (2d) 636 (1976); *State v. Dodd,* 120 Wash. (2d) 1, 838 P. (2d) 86 (1992); *Cole v. State,* 101 Nev. 585, 707 P. (2d) 545 (1985); *Judy v. State,* 275 Ind. 145, 416 N.E. (2d) 95 (1981). We have thoroughly reviewed the transcript of the competency hearing, as well as the transcript of the prior proceedings before this Court. Having done so, it is, in our view, inescapable that Torrence is competent and very well comprehends his circumstances, such that his waiver is knowing and voluntary.

At the fact-finding hearing, the State presented the testimony of two experts from the Department of Mental Health. The first, Dr. Behrmann, reviewed medical and psychological records on Torrence, reports from various correctional institutions to which Torrence had been committed, the trial transcript, the arguments before this Court, and conducted interviews with Torrence on two occasions in June, 1995. Dr. Behrmann concluded that Torrence is competent, and that he understands the consequences of his decision. The second expert, Dr. McKee, conducted four interviews with Torrence in June, 1995, reviewed all records reviewed by Dr. Behrmann, and considered the results of numerous psychological/personality tests. Dr. McKee likewise concluded Torrence was competent to waive his appellate rights.

Torrence presented an expert, Dr. Kuglar, who conducted personality testing, reviewed a number of previous psycholog-

---

[2] This is similar to cases in our original jurisdiction in which this Court may provide for a fact finding as necessary. Rule 229, SCACR.

ical evaluations, and examined Torrence in January, 1996. Dr. Kuglar also concluded Torrence was competent to waive the appeal of his death sentence.[3]

We find the record overwhelmingly supports a determination that Torrence is indeed competent. Moreover, the record clearly reflects that Torrence's decision to waive his right is knowing and voluntary, as is evidenced by the following excerpts of his testimony during the competency hearing:

Q. Now, if you fight this thing, there is a chance that the Supreme Court would send it back for another resentencing; do you understand that?
A. Yes, sir.
Q. And there's a chance we can go back and have a resentencing and the jury can give you life . . . Now, you have made the choice that you want death . . . Tell the judge why you want that, Mike.
A. I just don't want to spend the rest of my life in prison. I've been in prison thirteen and a half years now. And there's nothing there. There's no freedom. You know, I think that's mainly the way I see it. There's just no freedom. I could do twenty, thirty, forty more years in there, but it's not going to benefit anybody, certainly not me.

In the hearing before this Court, Torrence was questioned extensively concerning the waiver of his rights:

Q. Do you understand that by waiving or giving up this appeal, this Court will not, would not review the record to see if there are some legal errors that were committed down in the circuit court, do you understand that?
A. I understand that and I hope the Court doesn't your honor. . . .
Q. Do you understand that by waiving this appeal you will be denied, or have taken away from you, the right to

---

[3] The *amicus curiae* presented the testimony of one expert, Dr. Dewitt, at the hearing. Although Dr. Dewitt was of the opinion that Torrence was delusional and schizophrenic, he had not seen or treated Torrence since the fall of 1992 and, despite having seen Torrence some 15-20 times in 1991 and 1992, had never diagnosed him as schizophrenic until the pretrial competency hearing in 1992. Dr. Dewitt admitted that he had not examined Torrence for purposes of determining his competency to waive his appellate rights.

have this Court review your sentence and correct any errors of law raised, if we find in fact there were errors?
A. Yes, sir.

We conclude that the present record amply demonstrates that Torrence is competent and that his decision to waive his direct appeal is knowing and voluntary. He has been repeatedly and extensively advised of the consequences of his decision, and admonished that it is quite possible he would be entitled to a new sentencing procedure.[4] He nonetheless remains steadfast in his desire to withdraw his appeal. Accordingly, we are convinced that his decision is knowing and intelligent.

The sole remaining issue is whether the review provisions of S.C. Code Ann. § 16-3-25 (1995)[5] may be waived. We find that they may.

We have repeatedly recognized that both constitutional and statutory rights may be waived. *State v. Orr,* 304 S.C. 185, 403 S.E. (2d) 623 (1991), *overruled in part on other grounds, Torrence I, supra* (waiver of right to present final argument to jury); *State v. Bateman,* 296 S.C. 367, 373 S.E. (2d) 470 (1988) (waiver of right to counsel); *State v. Ray,* 310 S.C. 431, 427 S.E. (2d) 171 (1993) (waiver of right to testify).

The record amply establishes that Torrence thoroughly understands the purpose of this Court's review of a death sentence. The record is equally as clear that Torrence knowingly wishes to waive any relief which might be afforded him by virtue of such a review, since it would at best, result in the imposition of a life sentence for him. Accordingly, we find the present record sufficient to demonstrate a knowing, voluntary waiver of our review of his sentence and, therefore, we decline to extend such a review.

We dismiss the appeal, and grant Torrence's motion to relieve his attorneys of record and the *amicus curiae.*

---

[4] The record of the hearing before the circuit court reveals that Torrence was well aware of the holding in *Simmons v. South Carolina,* 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed. (2d) 133 (1994), and its potential application in this case. He has nonetheless maintained that he wishes to withdraw his appeal in light of his recognition that, at best, reversal of his sentence would result in imposition of a life sentence which he unwaveringly opposes.

[5] In *Torrence II,* we declined to address the scope of such a review. 317 S.C at 45, 451 S.E. (2d) at 883, ftnt. 1.

Appeal dismissed.

TOAL, Acting C.J., MOORE and BURNETT, JJ., and HENRY F. FLOYD, Acting Associate Justice, concur.