631 S.E.2d 79

**The STATE, Respondent,**

v.

**William E. DOWNS, Jr., Appellant.**

**No. 26156.**

Supreme Court of South Carolina.

Submitted April 19, 2006.

Decided May 30, 2006.

58

Assistant Appellate Defender Robert M. Dudek, of the South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, of Columbia, for respondent.

Justice MOORE.

We are asked to decide whether appellant, who has been sentenced to die for murder, is mentally competent to waive his right to challenge his conviction and death sentence and be executed. We conclude appellant is competent.

## PROCEDURAL FACTS

Appellant pled guilty to the crimes of murder, kidnapping, and criminal sexual conduct with a minor. A hearing was then held to determine whether he was guilty but mentally ill

(GBMI). An expert, Dr. Everett Kuglar, testified appellant was mentally ill. However, two other experts, Dr. Jeffrey Musick and Dr. Pamela Crawford, testified appellant was not mentally ill. After considering the evidence, the court ruled appellant failed to prove he was GBMI. Appellant was subsequently sentenced to death and the sentence was affirmed in *State v. Downs,* 361 S.C. 141, 604 S.E.2d 377 (2004).

Appellant's counsel filed a petition for a stay of execution to allow him to file a petition for a writ of certiorari with the United States Supreme Court. The stay petition was granted. Subsequently, appellant notified this Court that he wished to dismiss his appeals and be executed. We remanded this case to the trial court for a competency hearing. Meanwhile, the United States Supreme Court ·denied counsel's motion, on appellant's behalf, for leave to proceed *in forma pauperis. See Downs v. South Carolina,* 544 U.S. 972, 125 S.Ct. 1829, 161 L.Ed.2d 721 (2005).

In February 2005, the first evidentiary hearing was held. Counsel requested more time to allow their psychiatric experts an opportunity to review materials and evaluate appellant. The hearing judge ruled the State would be allowed to offer Dr. Pamela Crawford and Dr. Jeffrey Musick at the hearing, and that the defense would be able to cross-examine those doctors at a later date.

A second evidentiary hearing was held in March 2005. At the beginning of this hearing, counsel moved for a continuance so that Dr. Margaret Melikian, who had met with appellant only once, could treat appellant and see him at least twice more. The court, after hearing evidence, denied the motion.

Following closing statements, the court ruled appellant was competent to be executed under the *Singleton v. State*[1] standard and that his decision to waive his right to challenge his conviction and death sentence was knowing and voluntary.

## ISSUES

I. Did the lower court abuse its discretion by refusing to grant a continuance of the hearing until appellant could be further evaluated?

---

1. 313 S.C. 75, 437 S.E.2d 53 (1993).

II. Is appellant competent to waive any challenges to his conviction and death sentence?

## DISCUSSION

The standard for determining whether an appellant is mentally competent to be executed is set forth in *Singleton, supra,* and states:

> The first prong is the *cognitive prong* which can be defined as: whether a convicted defendant can understand the nature of the proceedings, what he or she was tried for, the reason for the punishment, or the nature of the punishment. The second prong is the *assistance prong* which can be defined as: whether the convicted defendant possesses sufficient capacity or ability to rationally communicate with counsel.

*Singleton v. State,* 313 S.C. at 83, 437 S.E.2d at 58 (emphasis added).

At the February hearing, appellant informed the court he did not want to appeal and wanted to have his competency hearing completed as soon as possible.

At the hearing, Dr. Pamela Crawford, a court-appointed expert in forensic psychiatry, testified she had evaluated appellant for a GBMI determination on six prior occasions from May 2001 to June 2002. Pursuant to this Court's order, she also evaluated appellant for competency, along with Dr. Jeffrey Musick, on February 11, 2005. Dr. Crawford summarized her record review and indicated she learned appellant had attempted suicide while incarcerated. She opined appellant had mild depression that was not sufficient to be diagnosed as major depression. She testified appellant was competent to waive his appeals and be executed under the *Singleton* standard. Her diagnoses included pedophilia, paraphilia, substance abuse, and antisocial personality disorder. She stated none of these diagnoses impacted on appellant's ability to understand the proceedings or communicate with his counsel.

Specifically, on the cognitive prong of *Singleton,* Dr. Crawford stated appellant clearly articulates an understanding of the appeals process, the consequences of waiving his appeals, that he prefers lethal injection, and that he does not have any

delusional thoughts about death. On the assistance prong, she opined appellant communicates clearly and that he was willing to work with an attorney who would further his goal of being executed but did not want to work with an attorney who did not want to help further that goal. Dr. Crawford stated there was no evidence appellant had a deteriorating mental disorder and that his status was the same as when he was evaluated in 2001 and 2002.

Dr. Jeffrey Musick, testified he had been involved in the 2002 evaluations of appellant. For purposes of this competency hearing, he stated he met with appellant twice. At the second meeting, he administered several psychological tests. Dr. Musick found appellant had mild depression, but did not have a major disorder. He stated that, during the evaluation, appellant was cooperative, friendly, laughed at the appropriate times, and had rational and coherent speech. He found no evidence of delusions and appellant informed him he thought the legal process had been fair.

Dr. Musick opined appellant met the *Singleton* requirements for competency. Regarding the cognitive prong, Dr. Musick stated appellant understood the proceedings, what he was tried for, and stated his punishment fit the crime. Appellant was able to relate that it was possible that existence stops when you die and said that would be preferable to living in prison. Appellant stated he hoped for better things after death and that he preferred lethal injection because it was peaceful. Regarding the assistance prong, Dr. Musick testified appellant was able to express himself and understand others. Appellant informed Dr. Musick that he was happy to work with an attorney who had his same goals, *i.e.* that he be executed. Dr. Musick did not see any potential of appellant's mental state deteriorating in the future.

On cross-examination, Dr. Musick admitted appellant may have suffered a major depressive episode in the past and that he has been unhappy all his life. Dr. Musick indicated he was aware of appellant's suicide attempts while incarcerated and of his attempt to commit suicide when he was about ten years old. Dr. Musick stated those facts did not change his opinion that appellant was competent under *Singleton*.

Dr. Donna Schwartz–Watts, a forensic psychiatrist, testified appellant was very cooperative during her evaluation. She stated appellant had mild depression. As for major depression, she stated he met only four of the five criteria and therefore, was not diagnosed with major depression. She stated that diagnosis could change in the future.

Dr. Schwartz–Watts opined appellant was competent under both prongs of *Singleton,* She testified appellant met the cognitive prong because he understood the proceedings, his punishment, and that he was able to communicate that he desired lethal injection. She stated he wants to be free but otherwise he wants to be executed instead of being imprisoned. She testified that he does not suffer from delusions and that he hopes for something better in the afterlife. Regarding the assistance prong, Dr. Schwartz–Watts testified appellant met this prong because he could communicate with counsel and that, because he was sometimes irritated with counsel, he chose not to cooperate. She stated her diagnoses were that appellant has depression, not otherwise specified; post-traumatic stress disorder, paraphilia, pedophila, and substance abuse. She opined that none of these diagnoses affect either prong of *Singleton.* She testified he has a mild form of depression that does not prevent him from doing the things he needs to do and that he could have depression and still be competent under *Singleton.* She stated that depressive people can function on a day-to-day basis and that it just depends on the severity of the depression.

James Whittle, the attorney who represented appellant for his plea, testified appellant did not wish to contest his guilt and wanted to die. He stated appellant forbade him from offering mitigation evidence but that he was able to seek a guilty but mentally ill finding by telling appellant his case could help others. Whittle felt appellant had significant mental health issues and that he was depressed. Whittle testified he felt appellant was competent to stand trial and had the ability to rationally communicate with him. He stated appellant did not appear to be very different since the time when he was representing appellant.

Dr. Margaret Melikian, a forensic psychiatrist, testified she met with appellant once for a four-hour evaluation on Febru-

ary 28, 2005. She stated appellant was guarded but cooperative during the meeting. She testified regarding her knowledge of appellant's numerous suicide attempts. Dr. Melikian testified appellant met the cognitive prong of *Singleton.* However, regarding a diagnosis of appellant, she stated she did not have enough information to rule out a diagnosis of a major depressive episode. Dr. Melikian testified appellant met some of the criteria for being diagnosed with major depression.

Dr. Melikian testified appellant's wish to waive his appeals process may be a rational decision or a product of his depression. She opined he should be offered treatment for depression and then have his competency reevaluated. For that reason, she stated she could not offer an opinion on his competency. She wanted to see if treatment would cause him to change his mind. She stated appellant told her he would take anti-depressants if the court ordered him to do so.

Dr. Melikian stated appellant does not suffer from any delusions or psychosis. She stated appellant can communicate but she was unsure if he could "rationally" communicate as stated in the assistance prong of the *Singleton* standard. She agreed that one could meet the criteria of major depression but still be competent under *Singleton.* However, she had no opinion on appellant's competency at the time of the hearing. She recommended medication so that a more accurate evaluation could be completed. Significantly, she stated she was unsure if appellant chose not to take drugs voluntarily whether she could form an opinion on the *Singleton* assistance prong. She stated she would like to see him additional times but she did not know if she would be able to form an opinion.

During closing arguments, counsel for appellant reasserted his request for a continuance so that Dr. Melikian could provide appellant with medication, or at the very least if appellant refused the medication, so that she could meet with appellant at least twice more. The motion for continuance was denied.

Appellant personally addressed the hearing judge. He did not feel Dr. Kuglar (from his previous GBMI evaluation) and Dr. Melikian could state that he was incompetent or depressed given they did not conduct a full mental evaluation. Appellant

concluded by asking the judge, if he decides competency is proven, to impose an injunction on appellant's counsel so that he would not file any more motions or other documents in his case because appellant wished to fire him.

In his order, on the cognitive prong of *Strickland,* the judge found it is evident from the communication appellant had during his recent evaluations that there is a plethora of evidence to support a finding of competency on each factor within that prong. On the assistance prong, the judge found appellant possesses sufficient mental capacity or ability to rationally communicate with counsel. The judge found that, in discussions with himself and each of the evaluators, it was without question that appellant had the mental capacity and ability to express ideas, analyze options, understand the facts and law, and intelligently convey his thoughts and ideas to others. The judge noted the record is void of any evidence that appellant cannot understand any communication with counsel or others due to any mental impairment or that he cannot make himself understood. The judge stated the record indicates appellant's responses to inquiries have always been rational.

The judge stated he did not share Dr. Melikian's hesitation on the assistance prong. He stated that, although her desire to treat appellant with medication and see what develops may be well-intentioned, the delay was unnecessary for the court to render its opinion because appellant clearly satisfies the assistance prong. The judge stated, "It is difficult to recall a defendant more attentive and more observant than [appellant.]" The judge specifically found appellant did not have a present wish to commit suicide or die, but that he has maintained he prefers death to being locked up for the rest of his life. In conclusion, the judge found appellant competent to waive post-conviction proceedings under the *Singleton* standard.

In appellant's *pro se* response, he states he has repeatedly asked counsel not to file any appeals on his behalf. Regarding Dr. Melikian's belief that appellant should be placed on antidepressants, appellant states he has been placed on antidepressants since the time of the hearing. For various reasons, he had to cease taking the medications. While on

medication, appellant states he did not at any point think of changing his mind about dropping his appeals. He states he knows he will be in prison for the rest of his life and that he has been sentenced to be executed. He foresees nothing productive coming from being on death row. He concludes, "I want to go ahead with my execution A.S.A.P."

## I. Motion for Continuance

Counsel for appellant argues the hearing judge erred by denying the motion for a continuance and that this case should be remanded with an order allowing Dr. Melikian additional time to possibly medicate appellant and further evaluate him so that she can have a final opinion under the second prong of the *Singleton* standard.

The hearing judge did not err by refusing counsel's motion for a continuance. The judge appropriately determined that more time was not needed to determine appellant's competency. Three experts testified appellant was mildly depressed but that this condition did not affect his capacity on either prong of *Singleton*. Dr. Melikian testified appellant met the cognitive prong, but stated she could not come to a conclusion on the assistance prong. She also was uncertain whether appellant suffered from major depression, rather than mild depression. However, Dr. Melikian admitted that one could meet the criteria of *Singleton* even if that person suffered from major depression. Most importantly, Dr. Melikian testified that, even if she was allowed to treat appellant with medication and/or see him more times, she was unsure whether she could ever form an opinion on the *Singleton* assistance prong. The hearing judge gave the proper weight to Dr. Melikian's testimony when deciding whether a motion for a continuance should be granted. Accordingly, the judge did not abuse his discretion in denying the motion for a continuance. *Cf. State v. McMillian*, 349 S.C. 17, 561 S.E.2d 602 (2002) (trial judge's denial of a motion for continuance will not be disturbed absent a clear abuse of discretion).

## II. Competency

A capital defendant may not waive his appellate or PCR rights unless this Court first determines the defendant is competent. *See Hughes v. State*, 367 S.C. 389, 626 S.E.2d 805

(2006) (Court will issue execution notice if person, who is determined by Court to be mentally competent, knowingly and voluntarily waives appeals and post-conviction relief); *State v. Torrence*, 317 S.C. 45, 451 S.E.2d 883 (1994) (waiver may not be found unless Court first determines defendant is competent and his decision is knowing and voluntary).

In making a determination on the competency of a convicted defendant to waive his appellate or PCR rights, we are not bound by the circuit court's findings or rulings, although we recognize the circuit court judge, who saw and heard the witnesses, is in a better position to evaluate their credibility and assign comparative weight to their testimony. *See Hughes v. State, supra.* It is this Court which must finally determine whether a particular appellant is mentally competent to make a knowing and voluntary waiver of his appellate or PCR rights. *Id.* In deciding the issue of an appellant's competency, we carefully and thoroughly review the appellant's history of mental competency; the existence and present status of mental illness or disease suffered by the appellant, if any, as shown in the record of previous proceedings and in the competency hearing; the testimony and opinions of mental health experts who have examined the appellant; the findings of the circuit court which conducted a competency hearing; the arguments of counsel; and the appellant's demeanor and personal responses to any questions at oral argument regarding the waiver of appellate and PCR rights. *Id.*

As noted previously, the standard for determining whether an appellant or PCR applicant is mentally competent to waive the right to a direct appeal or PCR includes a cognitive prong and an assistance prong under *Singleton.* The failure of either prong is sufficient to warrant a stay of execution and a denial of the convicted defendant's motion to waive his right to appeal or pursue PCR. *Hughes v. State, supra.*

We find appellant is competent and comprehends his circumstances, such that the waiver of his appeals and PCR is knowing and voluntary. Although appellant has been diagnosed as having mild depression, this diagnosis does not affect

appellant's capacity on either the cognitive or assistance prong of *Singleton.*

At the hearing, the two State experts: Drs. Crawford and Musick, and one of the defense experts, Dr. Schwartz–Watts, all testified that appellant suffered from mild depression and not major depression. The doctors all testified appellant was competent to waive his appeals under *Singleton.* On the cognitive prong of *Strickland,* the doctors, including Dr. Melikian, testified appellant met this prong. They all testified appellant had an understanding of the appeals process, the consequences of waiving his appeals, and an understanding of his death sentence and the finality of that sentence.

Drs. Crawford, Musick, and Schwartz–Watts also testified appellant met the assistance prong of *Singleton.* Dr. Crawford testified appellant can communicate clearly and was able to discuss his desires and that he was willing to work with an attorney who would further his goal of being executed but that he did not wish to work with an attorney who would hinder that goal. Dr. Musick and Dr. Schwartz–Watts gave similar testimony.

Appellant's former counsel, James Whittle, testified that, while he felt appellant had significant mental health issues and was depressed, appellant was competent to stand trial and had the ability to rationally communicate with him. Whittle stated appellant's condition did not seem to have changed since the time he represented appellant. Therefore, at this point in the hearing, the only evidence presented was that appellant was competent.

The defense expert, Dr. Melikian, however, felt she needed more time to make a proper diagnosis of appellant's depression and whether he was competent to waive his appeals. Dr. Melikian's testimony, however, does not prevent a finding of competency in light of the other expert testimony. The other experts clearly found appellant competent and that he had met each prong of *Singleton.* Further, the fact Dr. Melikian was unsure she could ever reach an opinion on the assistance prong is significant. Finally, on the point of Dr. Melikian's wish that appellant be medicated, appellant, himself, wrote to this Court and stated he had been placed on anti-depressants after the hearing. While on medication, appellant stated he

did not think of changing his mind about dropping his appeals. He stated, as he has consistently stated throughout the proceedings, that he wishes to proceed with his execution as soon as possible.

Accordingly, we find appellant is competent to waive his appeals and be executed. Further, his decision to waive is knowing and voluntary. Therefore, the hearing judge's findings are

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.