647 S.E.2d 209

**James Earl REED, Petitioner,**

v.

**Jon OZMINT, Director, South Carolina Department of Corrections, Respondent.**

No. 26346.

Supreme Court of South Carolina.

Heard May 1, 2007.
Decided June 18, 2007.

Teresa L. Norris, of Blume, Weyble & Norris, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, for Respondent.

Justice BURNETT:

James Earl Reed (Petitioner), who has been sentenced to die for murder, seeks to waive appellate review of the order denying his application for post-conviction relief (PCR) and to be executed. Although Petitioner is competent, he has not made a knowing and intelligent waiver of his right to appellate review. Petitioner has also made a motion to relieve counsel and proceed *pro se* which we deny.

## FACTUAL/PROCEDURAL BACKGROUND

Petitioner was indicted for two counts of murder of his ex-girlfriend's parents in 1994. In 1996, a jury convicted Petitioner of both counts of murder, and he was sentenced to death. His convictions and death sentence were affirmed on direct appeal.[1] *State v. Reed,* 332 S.C. 35, 503 S.E.2d 747 (1998), *cert. denied* 525 U.S. 1150, 119 S.Ct. 1051, 143 L.Ed.2d 57 (1999).

---

1. We note the issue of Petitioner's competency was raised at trial. The trial court found Petitioner competent to stand trial and this ruling was affirmed on direct appeal. *State v. Reed,* 332 S.C. 35, 39–42, 503 S.E.2d 747, 749–50 (1998).

Petitioner filed an application for PCR, which was denied after an evidentiary hearing. He then filed a Notice of Appeal. However, prior to the filing of a petition for writ of certiorari, Petitioner wrote a letter to Chief Justice Toal professing his innocence, claiming to waive his right to all appeals, and asking that a date for his execution be set. We remanded Petitioner's case to the circuit court for a competency hearing.

A competency hearing was held on February 10, 2006, before Judge A. Victor Rawl. Judge Rawl received testimony from Dr. Donna Schwartz–Watts, Dr. Pratap Narayan, and Petitioner. He also received into evidence a forensic evaluation by the South Carolina Department of Mental Health among other documents. In an order dated March 30, 2006, Judge Rawl found Petitioner competent under the *Singleton v. State*[2] standard to waive appellate review of the order denying his PCR application. He also determined Petitioner's decision was knowing and voluntary.

Petitioner subsequently wrote a letter to Respondent's counsel stating he had fired his attorney and asking for assistance. We construed the letter to be a motion to relieve counsel and we deferred ruling on the motion until we issued this opinion.

## ISSUES

I. Did the circuit court err in finding Petitioner is competent to waive appellate review of the denial of his PCR application and in finding his decision is knowing, intelligent, and voluntary?

II. Should this Court grant Petitioner's motion to relieve counsel and proceed *pro se*?

## STANDARD OF REVIEW

 This Court is charged with the responsibility of issuing a notice authorizing the execution of a person who has been duly convicted in a court of law and sentenced to death. The Court will issue an execution notice after that person either has exhausted all appeals and other avenues of PCR in

2. 313 S.C. 75, 84, 437 S.E.2d 53, 58 (1993).

state and federal courts, or after that person, who is determined by this Court to be mentally competent, knowingly and voluntarily waives such appeals. *See In re Stays of Execution in Capital Cases*, 321 S.C. 544, 471 S.E.2d 140 (1996); *Roberts v. Moore*, 332 S.C. 488, 505 S.E.2d 593 (1998); S.C.Code Ann. §§ 16–3–25, 17–25–370 (2003).

When considering a request by a convicted capital defendant to waive the right to appeal or pursue PCR, and to be executed forthwith, we must determine whether the defendant is competent and whether the decision is knowing and voluntary. *See Hughes v. State*, 367 S.C. 389, 395, 626 S.E.2d 805, 808 (2006) (Court will issue an execution notice if the person, who is determined by the Court to be mentally competent, knowingly and voluntarily waives appeals and PCR); *State v. Torrence*, 317 S.C. 45, 46, 451 S.E.2d 883, 883 (1994) (*Torrence II*) (waiver may not be found unless Court first determines defendant is competent and his decision is knowing and voluntary). In making a determination on the competency of a convicted capital defendant to waive his appellate or PCR rights, we are not bound by the circuit court's findings or rulings, although we recognize the circuit court judge, who saw and heard the witnesses, is in a better position to evaluate their credibility and assign comparative weight to their testimony. *Hughes*, 367 S.C. at 395, 626 S.E.2d at 808. This matter is similar to one arising in the Court's original jurisdiction because it is this Court which must finally determine whether a particular capital defendant is mentally competent to make a knowing and voluntary waiver of his appellate or PCR rights. *Id.* at 395–96, 626 S.E.2d at 808. In deciding the issue of a capital defendant's competency, we carefully and thoroughly review the defendant's history of mental competency; the existence and present status of mental illness or disease suffered by the defendant, if any, as shown in the record of previous proceedings and in the competency hearing; the testimony and opinions of mental health experts who have examined the defendant; the findings of the circuit court which conducted a competency hearing; the arguments of counsel; and the capital defendant's demeanor and personal responses to the Court's questions at oral argument regarding the waiver of appellate or PCR rights. *Id.* at 396–97, 626 S.E.2d at 808–09.

### *LAW/ANALYSIS*

### I. Waiver of Right to Appeal

#### A. Mental Competency

The standard for determining whether a convicted capital defendant is mentally competent to waive the right to a direct appeal or PCR is set forth in *Singleton:*

> The first prong is the cognitive prong which can be defined as: whether a convicted defendant can understand the nature of the proceedings, what he or she was tried for, the reason for the punishment, or the nature of the punishment. The second prong is the assistance prong which can be defined as: whether the convicted defendant possesses sufficient capacity or ability to rationally communicate with counsel.

313 S.C. at 84, 437 S.E.2d at 58; *accord Torrence II,* 317 S.C. at 47, 451 S.E.2d at 884. This standard of competency is the same one required before a convicted defendant may be executed. *Torrence II,* 317 S.C. at 47, 451 S.E.2d at 884. The failure of either prong is sufficient to warrant a stay of execution and a denial of the convicted defendant's motion to waive his right to appeal or pursue PCR. *Singleton,* 313 S.C. at 84, 437 S.E.2d at 58.

Dr. Schwartz–Watts, an expert in forensic psychiatry, testified at the competency hearing that Petitioner has traits of paranoia. She opined Petitioner's suspicious attitude toward his attorneys and their motives in representing him was indicative of his paranoia. She also diagnosed Petitioner with schizotypal personality disorder and testified he has borderline intellectual functioning. Dr. Schwartz–Watts testified although Petitioner can lose contact with reality when under stress, he does not currently have any psychotic symptoms and his mental state has not deteriorated from 2001 to 2006.

Dr. Pratap Narayan, the court-appointed expert in forensic psychiatry, also testified at the competency hearing. Dr. Narayan provisionally diagnosed Petitioner with adjustment disorder with mixed disturbance of emotions and conduct. He testified Petitioner does not have a psychotic illness and did not exhibit signs of any major mental illness.

Drs. Schwartz–Watts and Narayan also testified Petitioner met the *Singleton* standard. They testified Petitioner understands the nature of the current proceedings, what he was tried for, the nature of his punishment, and the reasons for the punishment. They also testified he has the capacity and ability to communicate and assist counsel.

At the competency hearing, Petitioner presented Judge Rawl with a *pro se* motion, captioned "Stand 3 Motion." In this motion, Petitioner requested the court "dismiss the case or kill me." Petitioner testified he understood the hearing before Judge Rawl was to determine his competency, but he intended to fight for his innocence, integrity, and dignity at the hearing. Petitioner further testified he understood the nature of the proceedings, what he was tried for, the reason for the punishment, and the nature of the punishment. Petitioner admitted he had conflicts with his attorneys, but he did not have a problem communicating with them.

Judge Rawl found Petitioner suffers from a personality disorder, but he is not currently suffering from any psychotic or emotional disturbance. He found Petitioner met both prongs of the *Singleton* standard and is competent to waive his right to appeal the denial of his PCR application.

We extensively questioned Petitioner during oral arguments to ascertain whether he met the *Singleton* criteria. Although Petitioner has a personality disorder and may, at times, have paranoid thoughts and eccentric thinking, these conditions do not affect his capacity or ability to satisfy either the cognitive or assistance prong of the *Singleton* standard. Based on our own colloquy with Petitioner and the overwhelming evidence in the record before us, we find Petitioner is competent to waive his right to appeal the order denying his PCR application.

### B. Knowing, Intelligent, and Voluntary

■ A capital defendant, who is competent, may waive his right to appeal if the decision to do so is knowing, intelligent, and voluntary. *Torrence II,* 317 S.C. at 46, 451 S.E.2d at 883; *see also Whitmore v. Arkansas,* 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *Gilmore v. Utah,* 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632 (1976).

At the competency hearing, Dr. Schwartz–Watts testified Petitioner wants to waive any further proceedings and proceed to execution because "he does not see any other legal avenues" in which to prove his innocence. Therefore, he would rather die with his own personal belief that he is innocent instead of staying on death row where he believes people will presume him guilty. Dr. Narayan also testified Petitioner "would much rather be executed at this point with maintaining his dignity and his integrity ... and his innocence." He opined Petitioner's desire to waive further legal proceedings was not based on a psychotic premise. Petitioner testified he brought the waiver so that he could leave death row with his innocence and integrity.

Judge Rawl determined Petitioner wanted to waive his right to appeal because Petitioner believes he will be unsuccessful in the appellate process and although he maintains his innocence, Petitioner would prefer to end the legal process and maintain his dignity. Judge Rawl concluded Petitioner's waiver was knowing and voluntary.

We thoroughly questioned Petitioner during oral arguments about his trial, the PCR process, and the appeals process. We also questioned him about the consequences of his request to terminate any appeals from the denial of his PCR application. Petitioner alleged he wanted to waive his right to appeal, but he also requested the Court review his *pro se* brief and either dismiss the case if the Court found him innocent or set a date for execution if the Court found him guilty. Specifically, Petitioner asked the Court to review substantive claims regarding the quality of representation he received during his trial and PCR proceeding, evidentiary matters which he claims should have been pursued during prior proceedings, and whether he had a right to two standby counsel during his trial.

We find Petitioner conditioned his request to waive his right to appellate review on our determination of his innocence or guilt based on the merits of the case.[3] Unlike other capital

---

3. For example, the following exchange between Petitioner and Chief Justice Toal demonstrates Petitioner's request is not a waiver of his right to appeal:

28

defendants who have confirmed their guilt and waived their right to appeal, Petitioner's conditional request is not an unequivocal waiver of the right to appeal. *Compare State v. Passaro*, 350 S.C. 499, 507–08, 567 S.E.2d 862, 867 (2002) (capital defendant reaffirmed his request to waive his right to appeal); *State v. Torrence*, 322 S.C. 475, 477–79, 473 S.E.2d 703, 705–06 (1996) (capital defendant remained steadfast in his desire to withdraw his appeal). Accordingly, Petitioner has failed to make a knowing and intelligent waiver of his right to appeal.

## II. Motion to Relieve Counsel and Proceed *Pro Se*

"The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562, 566 (1975). This right may be waived, and the waiver must be knowing, voluntary, and intelligent. *Id.* at 835, 95 S.Ct. at 2541, 45 L.E.2d at 581; *State v. Fuller*, 337 S.C. 236, 241, 523 S.E.2d 168, 170 (1999).[4]

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). A defendant makes an intelligent waiver when he "knows what he is doing and his

---

Q. Although the papers we've got up here are papers in which you say, "I want to waive my right to appeal," you really do want us to review, uh, what you say went wrong in your trial?

A. Yes.

**4.** We note a criminal defendant's right to self-representation under the United States Constitution is not absolute. *See Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) (finding there is no federal constitutional right to self-representation on direct appeal from a criminal conviction).

choice is made with eyes open." *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268, 275 (1942).

We questioned Petitioner at length about his decision to waive his right to counsel. Petitioner stated he was not satisfied with counsel's representation of him because, according to Petitioner, she presumed he was guilty and was "against the evidence that proves his innocence." Petitioner appeared upset that his counsel would not "fight for his innocence" in accordance with his wishes. We also questioned Petitioner whether he fully understood the nature of PCR proceedings and the appellate process following a denial of a PCR application. Petitioner asked the Court to allow him to waive his right to appeal and he stated he did not want us to review the questions raised in his PCR application. Yet, he also asked us to review the merits of his case, and he raised substantive claims regarding his trial which he desired the Court to address. Although Petitioner is competent to waive this right, we find troubling the fact that Petitioner clearly does not understand the procedural posture of his case. For this reason, we deny Petitioner's motion to relieve counsel at this stage of the proceeding.

## CONCLUSION

We affirm the circuit court's finding that Petitioner is competent to waive his right to appellate review of the order denying his PCR application, and we reverse the circuit court's ruling that Petitioner made a knowing and intelligent waiver of that right.[5] Further, we deny Petitioner's motion to relieve counsel. Based on the foregoing, the matter involving the order denying Petitioner's PCR application should no longer be held in abeyance and the appeal shall proceed as set forth in Rule 227, SCACR.

**AFFIRMED IN PART AND REVERSED IN PART.**

TOAL, C.J., MOORE, PLEICONES, JJ., and Acting Justice J. MICHAEL BAXLEY, concur.

---

**5.** We need not address Petitioner's remaining issue. *See Hughes,* 367 S.C. at 409, 626 S.E.2d at 815 (appellate court need not address remaining issues when resolution of prior issue is dispositive).