THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 James A.
 Anasti, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Lance Wilson,
 Willis Goodwin, Gina L. Anasti Lee, and Richland County Clerk of Court, Defendants,
 
 
 
 
 

Of Whom Gina L.
Anasti Lee is the Appellant.

Appeal from Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2011-UP-187
 Submitted April 1, 2011  Filed April 28,
2011   

APPEAL DISMISSED

 
 
 
 
 Tony R. Megna, of Columbia, for Appellant.
 Douglas N. Truslow and Thomas George Earle, both of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  In January 2008, Appellant filed a notice
 of appeal from an order granting Respondent partial summary judgment and from
 the order denying reconsideration.  In March 2008, this court remanded the
 appeal to the circuit court for an evidentiary hearing regarding the timeliness
 of Appellant's notice of appeal.  After a hearing,[1] and after reviewing "all
 previous submissions to the [circuit] court by or on behalf of Appellant,
 including pleadings, affidavits, evidence, memoranda and evidence
 presented," the circuit court found that because Appellant received the
 order granting partial summary judgment more than ten days prior to filing her
 motion for reconsideration, her motion for reconsideration did not toll the
 time for filing her notice of appeal; thus, her notice of appeal was untimely.[2]   Appellant moved for
 reconsideration, which was denied.[3]  In its order denying reconsideration, the circuit court noted that
 "nothing credible, believable, or favorable to Appellant ha[d] been
 presented that would compel [the circuit court] to reverse the findings and
 conclusions set forth in [its prior order."[4] 
 Because the circuit court's factual findings regarding timeliness are supported
 by evidence, we dismiss[5] this appeal pursuant to Rule 220(b)(1), SCACR, and the following authorities: Canal
 Ins. Co. v. Caldwell, 338 S.C. 1, 5, 524 S.E.2d 416, 418 (Ct. App. 1999)
 ("Rule 203(b), SCACR, requires a party to serve his notice of appeal
 within thirty days after receiving written notice of the entry of a final order
 or judgment, and failure to do so divests this court of subject matter
 jurisdiction and results in dismissal of the appeal.");  Elam v.
 S.C. Dep't of Transp., 361 S.C. 9, 15, 602 S.E.2d 772, 775 (2004) (citing
 Rule 203(b)(1), SCACR, and Rules 50(e), 52(c), and 59(f), SCRCP) ("A
 timely post-trial motion, including a motion to alter or amend the judgment
 pursuant to Rule 59(e), SCRCP, stays the time for an appeal for all parties
 until receipt of written notice of entry of the order granting or denying such
 motion."); Coward Hund Constr. Co. v. Ball Corp., 336 S.C. 1, 3,
 518 S.E.2d 56, 57 (Ct. App. 1999) ("A motion under Rule 59(e) is timely if
 it is 'served not later than ten days after receipt of written notice of the
 entry of the order.'"); Pollard v. Cnty. of Florence, 314 S.C. 397, 402, 444 S.E.2d 534, 536 (Ct.
 App. 1994) (reviewing the circuit court's ruling on a Rule 59(e) motion
 pursuant to an abuse of discretion standard); Stearns Bank Nat'l Assn v.
 Glenwood Falls, LP, 373 S.C. 331, 336, 644 S.E.2d 793, 795 (Ct. App.
 2007) ("An abuse of discretion arises where the judge issuing the order was
 controlled by an error of law or where the order is based on factual
 conclusions that are without evidentiary support.") (citation and
 quotation marks omitted); USAA Prop. & Cas. Ins. Co. v. Clegg, 377
 S.C. 643, 651, 661 S.E.2d 791, 795 (2008) (deferring to the circuit
 court's credibility determinations regarding the timeliness of a motion for
 reconsideration and declining to reverse the circuit court's decision); Reed
 v. Ozmint, 374 S.C. 19, 24, 647 S.E.2d 209, 211 (2007) (noting the
 circuit court judge, who saw and heard the witnesses, is in a better position
 to evaluate their credibility and assign comparative weight to their testimony). 
APPEAL DISMISSED.
FEW, C.J., and CURETON and
 GOOLSBY, A.J., concur.

[1] Neither Appellant nor her counsel attended the
 hearing; however, the trial court found Appellant received notice of the
 hearing.
[2] Specifically,
 the circuit court found the order granting summary judgment was mailed to the
 parties on October 29, 2007, and received by Respondent's attorney on November
 1, 2007.  Giving Appellant the benefit of the doubt, and tacking on an
 additional five days for service by mail pursuant to Rule 6(e), SCRCP, the
 circuit court deemed Appellant's receipt of the order as being effective on
 November 3, 2007.  Because November 3, 2007, was a Saturday, Appellant had ten
 days from Monday, November, 5, 2007, to file her motion for reconsideration. 
 Appellant's motion for reconsideration was served and filed on November 20,
 2007; therefore, the circuit court found it was untimely.  The circuit court
 noted that Appellant did not contest that the order was properly mailed or that
 she actually received the order.  The circuit court found Appellant's counsel
 was "not credible as to any contested issue" and, specifically, as to
 the date he claimed he received the order granting summary judgment.
[3] Appellant's counsel was present for the hearing on
 Appellant's motion for reconsideration.
[4]  In a footnote, the circuit court stated Appellant's
 counsel failed to produce the envelope in which the October 29, 2007 order was
 mailed to him or a date stamp or any other record establishing a date of
 receipt.
[5] We decide this case without oral argument pursuant to
 Rule 215, SCACR.